# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM MELVIN, | NO. ED CV 17-01548-VBF (GJS) |
| Petitioner, | **ORDER** Summarily Dismissing "Section 2241 Habeas Corpus Petition" Without Prejudice to Plaintiff's Right to File These Claims in a New Civil-Rights Action; |
| v. | |
| BUREAU OF PRISONS / D. SHINN, | |
| Respondents. | Directing Entry of Separate Judgment |

**On August 2, 2017, Petitioner, a federal prisoner proceeding *pro se*, filed a habeas petition, purportedly pursuant to 28 U.S.C. § 2241.** Petitioner names as Respondents the Federal Bureau of Prisons ("BOP") and the Warden of USP-Victorville, the federal correctional institution at which he is incarcerated.

**Petitioner is not challenging his federal conviction or sentence, the execution of his sentence, or the fact of his custody or incarceration.** Rather, he notes that, instead, he is seeking relief with respect to "conditions of confinement." (Pet at 3.) He alleges that there is an event listed in his corrections records as a "non-conviction" that is adversely affecting him in prison, such as with respect to the availability of rehabilitative programs and prison jobs, hindering medical transfers, causing the use of a "black box" when he is transferred (that hurts his arms and hands), and subjecting him to ridicule from staff. (Pet at 2, 15.) Petitioner alleges that he was charged with "Criminal Sexual Conduct 3rd Degree," but that the charge was "dismissed as Nolla [*sic*] Prosequi," and he now has "a Walsh Act because of it, which is unconstitutional."[1]

---

[1] The Court assumes that the "Walsh Act" reference indicates that Petitioner is subject to the sex offender registration requirements of 42 U.S.C. § 16911 *et seq.*

(Pet at 7-8.) Petitioner asks for "[t]he Walsh Act to be removed," unspecified privileges to be restored, and the Criminal Sexual Conduct charge to be correctly labeled as a charge and not a conviction. (Pet at 8.)

**A habeas corpus petition under 28 U.S.C. § 2241 is the proper vehicle for a constitutional challenge to the manner, location, or conditions of a federal sentence's execution.** *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

**By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition.** *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) ("Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.").[2] A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

**Notwithstanding Petitioner's invocation of section 2241, he seeks to pursue a what is in essence a civil-rights claim related to his conditions of confinement,** *i.e.,* an improper designation in his records of an earlier charge, which he alleges is adversely affecting his prison life with respect to rehabilitation, employment, and medical options. Even if petitioner succeeds in establishing that his allegations are true and that the complained-of conduct violates his federal constitutional rights, there would be no impact on the fact or duration of his incarceration. *See Strouse v. Shartle*, 2017 WL 2224926, *3 (D. Ariz. May 22, 2017) (Eric Markovich, M.J.) ("[E]ven if petitioner's allegations about the custody classification and the IR [Incident Report] are true, there would be no impact on the fact mor duration of his incarceration."), *R&R adopted*, 2017 WL 2731059 (D. Ariz. June 29, 2017) (Raner Collins, C.J.).

---

[2] As Petitioner is a federal prisoner, any civil-rights claims he has would be brought through an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983, which applies only to state action.

**Thus, petitioner Melvin seeks relief that is not available in habeas, and his pleading may not be treated as a section 2241 habeas petition.** *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'") (citations omitted); *Alcala v. Rios*, 434 F. App'x 668, 669-70 (9th Cir. 2011) ("Even giving Alcala's pro se complaint 'the benefit of liberal construction', the petition challenges the conditions of confinement and therefore should have been brought as a civil-rights action.") (citing *Preiser*, 411 U.S. at 489, and *Bivens*, 403 U.S. at 395-97) (internal citation omitted). **Petitioner's claim, therefore, must be raised by way of a *Bivens* complaint, rather than through a section 2241 habeas petition.**

**While the Court may construe a flawed habeas petition as a civil rights action,** *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), **converting the Petition to a *Bivens* complaint would be improper,** given that: (1) the Petition was not accompanied by the $350 filing fee; (2) it was not accompanied by an affidavit regarding Petitioner's financial status and a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (3) it was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b); (4) based on the Petition's allegations, it is not clear that Petitioner has exhausted his administrative remedies and whether such exhaustion is excusable or not;[3] (5) no viable *Bivens* claim has been stated against the Respondents and it is unclear that one can be stated;[4] and (6) Petitioner has not identified the capacity in

---

[3] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 531 U.S. 731, 741 n.6 (2001).

[4] The Petition does not allege what the warden did or did not do that violated his federal constitutional rights. Rather, the petition is an attempt to hold respondent liable under respondeat superior, which is inapplicable to *Bivens* claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Moreover, to the extent that Respondent would be sued in his individual capacity, as required (*see* Note 5), Petitioner seeks relief which is injunctive and requires official action, and "*Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action" and a federal official is sued in his individual capacity. *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016).

**With respect to the BOP, the *Bivens* remedy is not available against it as a federal agency.** *See, e.g., Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP . . . , his only remedy lies against the individual"); *FDIC*

which the individual Respondent would be sued for purposes of a *Bivens* claim, a critical issue for sovereign immunity purposes. *See, e.g., Mayben v. Barnes*, 290 F. Supp. 2d 1169, 1173 (E.D. Cal. 2003) ("a *Bivens* action cannot be brought against a federal employee in his or her official capacity because this would be deemed an action against the United States"); *see also Solida*, 820 F.3d at 1094 ("[t]here is no such thing as a *Bivens* suit against a public official tortfeasor in his or her official capacity").

**In addition, if the Petition were converted to a *Bivens* complaint, Petitioner would be obligated to pay the $350 filing fee for such a civil action,** either in full or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $350 filing fee. Further, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). The allegations of the Petition do not state a cognizable *Bivens* claim against either Respondent and, thus, dismissal would be required (although possibly with leave to amend). If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" – *i.e.,* prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted – may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury."

**Thus, it is appropriate to dismiss the so-called section 2241 petition. The dismissal will be without prejudice, however, so that petitioner may determine whether he wishes to raise his claim through a properly-submitted civil complaint.** Petitioner also may determine if he is willing to incur the $350 filing fee, as well as the possibility of incurring a "strike." *Cf. Alcala v. Rios*, 434 F. App'x 668, 669-70 (9th Cir. 2011) ("The district court correctly concluded that Alcala's claims are not cognizable under 28 U.S.C. section 2241 because they do not concern the fact or duration of his confinement. * * * [T]he petition therefore should have been brought as a civil-rights action. * * * The district court erred, however, in failing to grant Alcala leave to amend his complaint.") (internal and concluding citations omitted).

---

*v. Meyer*, 534 U.S. 61, 69-70 (2001) (declining to extend *Bivens* to allow suits against federal agencies).

4

# ORDER

The "28 U.S.C. section 2241 habeas corpus petition" is **DISMISSED without prejudice**.

A separate judgment shall be entered accordingly.

"The Clerk of Court is directed to mail Petitioner a Pro Se Prisoner Packet together with a copy of this Order." *Lockhart v. Allen*, 2017 WL 2364353, *1 (S.D. Cal. May 30, 2017) (Roger Benitez, J.) (concluding that federal prisoner's challenge to conditions of confinement was not cognizable in habeas under section 2241, and dismissing the action without prejudice).

Petitioner does not need to obtain a certificate of appealability in order to appeal today's order and the accompanying judgment to the U.S. Court of Appeals for the Ninth Circuit.[5]

Dated: August 30, 2017

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[5]**Petitioner does not need a COA if his action is viewed as a section 2241 habeas action.** *See Encarnacion-Montero v. Sanders*, 2015 WL 3823891, *4 (C.D. Cal. June 18, 2015) (Valerie Baker Fairbank, J.) (COA not needed to appeal denial or dismissal of section 2241 habeas petition) (citing, *inter alia*, *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) (citations omitted)); *accord US v. Nixon*, 2017 WL 2958925, *3 (M.D. Fla. July 1, 2017) (Steven Merryday, J.), *appeal filed*, No.17-13301 (11th Cir. July 21, 2017).

**Nor does petitioner need a COA if his action is construed as a civil-rights action.** *See Mackenzie v. Hutchens*, 2013 WL 8291423, *16 n.11 (C.D. Cal. Sept. 9, 2013) (Fairbank, J.) (citing, *inter alia*, *Adams v. Vasquez*, 362 F. App'x 623, 624 (9th Cir. 2010)), *aff'd*, 623 F. App'x 483 (9th Cir. 2015); *accord Hulihan v. Reg. Transp. Comm' of So. Nevada*, 2012 WL 3135681, *1 (D. Nev. Aug. 1, 2012) (Edward Reed, J.) (collecting three district-court decisions from Ninth Circuit), *aff'd*, 582 F. App'x 727 (9th Cir. 2014).